Jalila A. Bell, Esq. [JB7343]
*Attorney for Plaintiff*
11 Broadway, Suite 715
New York, New York 10004
(347) 596 – 1875 Tel
jalilaabell@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————X

ALICE SOSA,

                    Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,
MARCY BERGER, in her official and
Individual capacities,

                    Defendants.

——————————————————————X

**Index No. :**

**COMPLAINT**

JURY TRIAL DEMANDED

    Plaintiff Alice Sosa, by and through her attorney, Jalila A. Bell, Esq., as and for her

complaint against defendants, the NEW YORK CITY DEPARTMENT OF EDUCATION and

MARCY BERGER allege as follows:

## NATURE OF THE ACTION

    1.    This is an action for compensatory and punitive damages, proximately caused by

Defendants' ongoing and continuous violations of Plaintiff's rights as guaranteed by 42 U.S.C.

§§ 2000e *et seq.*, (hereinafter "TITLE VII"), 42 U.S.C. § 12101 *et seq.* ("Americans With

Disabilities Act", hereinafter "ADA"), 42 U.S.C. § 1981 (hereinafter "Sec. 1981"), 42 U.S.C. §

1983 (hereinafter "Sec 1983"), Administrative Code of the City of New York § 8-101 *et seq.*,

and § 8-107(15) (hereinafter "the NYCHRL" or "the Code"), New York State Executive Law §

296 *et seq.* (the "New York State Rights Law, hereinafter "NYSHRL").

1

## JURISDICTION

2.      Jurisdiction over this action is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over plaintiff's TITLE VII, ADA, the Code, NYSHRL and NYCHRL pursuant to the resolution of plaintiff's verified complaints filed with the United States Equal Employment Opportunity Commission ("EEOC") and the New York City Commission on Human Rights ("NYCCHR").

3.      Plaintiff's verified complaint to the EEOC and the NYCCHR were dismissed by those organizations for administrative convenience, and plaintiff was advised that she had the right to file a civil action. Annexed to this complaint and incorporated by reference are true and correct copies of plaintiff's verified complaint made to EEOC and NYCCHR referenced herein (Exhibit "1") , and the two "right to sue" letters issued to plaintiff by the EEOC (Exhibit "2") and NYCCHR respectively (Exhibit "3").

4.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims that they form a part of the same case or controversy between plaintiff and defendants, and plaintiffs claims stem from a common nucleus of operative facts.

5.      Venue properly lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 *et seq.*

## PARTIES

6.      Plaintiff ALICE SOSA ("Plaintiff" or "Ms. Sosa") is a disabled African American woman of West Indian national origin, with a dark skin color. Ms. Sosa resides at 202-14 45 Road, Bayside, Queens County, New York 11361.

7. At all times relevant to the complaint, Ms. Sosa has been employed by the NEW YORK CITY DEPARTMENT OF EDUCATION (the "NYCDOE") as a certified special education teacher assigned to work at P4Q@213 ("PS213"). P4Q is the District 75 Program that provides citywide, educational, vocational, and behavioral support for students who are on the autism spectrum, have significant cognitive delays, or are severely emotionally challenged, sensory impaired, and /or have multiple disabilities (hereinafter District 75 is referred to as "D75").

8. At all relevant times to the complaint, defendant NYCDOE has had its main office located at 100 Church Street, 4th Floor, New York, New York. Ms. Sosa qualifies as a NYSDOE "employee" as that term is defined in Title VII, Sec. 1981, Sec. 1983, the ADA, the NYSHRL and NYCHRL.

9. At all relevant times to the complaint, defendant MARCY BERGER ("BERGER"), a Caucasian woman, was and continues to be a NYSDOE employee. BERGER is the Principal and Head Administrator for P4Q. BERGER's office is located at 196-25 Peck Avenue, Queens, New York 11365.

10. At all relevant times to the complaint since December 4, 2014, defendants DOE and Marcy Berger have also been defendants in a related civil action brought against them by Ms. Sosa, *Alice Sosa v. New York City Department of Education, Marcy Berger, et al*, Civil Action No. 1:14-cv-07094 (EDNY) (hereinafter the prior pending lawsuit between the parties herein is referred to as "Civil Action 07094"). Civil Action 07094 alleges similarly causes of action to the instant action against defendants, *inter alia:* racial discrimination, discrimination on the basis of national origin, and on the basis of Ms. Sosa's dark skin, FMLA violations, and more.

## FACTUAL ALLEGATIONS

11.     Ms. Sosa was first employed by the NYCDOE as a paraprofessional in or around 1996.

12.     In 2004, Ms. Sosa was assigned to work at P4Q@PS213 as a certified special education teacher.  PS213 is located at 231-02 67th Avenue, Queens, New York. PS213 is an annex on the campus of the Carl Ullman School.

13.     At all relevant times to the complaint, Ms. Sosa is and has continuously been rated as a "highly effective" teacher in all respects.   Ms. Sosa is highly competent, dedicated, and conducts herself in an utmost professional manner.

14.     At all relevant times to the complaint, Ms. Sosa has been demonstrably able to perform the essential functions of her employment as a certified special education teacher.

15.     In fact, Ms. Sosa's classroom practices and innovations are known to her peers and are duplicated throughout PS213.

16.     Ms. Sosa is the only teacher of West Indian Origin in her unit at P4Q @PS213.

17.     Ms. Sosa is only one of two teachers with darker hued skin in her unit at P4Q @PS213. She is the teacher with the darkest skin color, with phenotypical African American facial features.

18.     Ms. Sosa is the only African American teacher in her unit at P4Q @PS213 with a disability.

19.     Ms. Sosa's tenure as a certified special education teacher entitles her to certain rights, preferences and benefits under the collective bargaining agreement between the United Federation of Teachers ("UFT") and the NYCDOE.

20. At all times relevant to the complaint, defendant BERGER personally handles all other teachers' requests for schedule changes or transfers without referring them to HR Connect.

21. At all times relevant to the complaint, defendant BERGER is the sole person with authority over teacher scheduling matters for P4Q and PS213, and the primary scheduler for P4Q and PS213.

22. At all times relevant to the complaint, defendant BERGER had supervisory authority over Plaintiff, including the power or the authority to direct, influence and affect Plaintiff's working conditions, and to adversely affect the terms and conditions of Plaintiff employment with the NYCDOE.

23. At all times relevant to the complaint, defendant BERGER has used her supervisory authority over Plaintiff, including her power and authority to direct other NYCDOE employees in her chain of command, to negatively and adversely influence, and materially affect the terms and conditions of Plaintiff's working conditions and Plaintiff's employment with the NYCDOE.

24. At all times relevant to the complaint, and since 2006, defendant BERGER has individually engaged in a continuous practice of violating Plaintiff's rights under the collective bargaining agreement, including disparate and negative treatment of Plaintiff as opposed to the treatment of similarly- situated Caucasian teachers, and similarly- situated non- disabled teachers.

25. At all times relevant to the complaint, and since 2006, defendant BERGER continues to engage in numerous discriminatory and retaliatory acts against Plaintiff intended to deprive Plaintiff of her dignity, health, livelihood and employment.

26. At all times relevant to the complaint, and since 2006, defendant BERGER has used her power and authority to direct others NYCDOE employees in her chain of command to engage in a continuous practice of violating Plaintiff's rights under the collective bargaining agreement, including disparate and negative treatment of Plaintiff as opposed to the treatment of similarly- situated Caucasian teachers, similarly- situated non- disabled teachers, and committing numerous discriminatory and retaliatory acts against Plaintiff that are specifically intended to deprive Plaintiff of her dignity, health, livelihood and employment.

27. Ms. Jacqueline Berman, Assistant Principal ("Ms. Berman") reports to and is directly supervised by Respondent Berger. On information and belief, defendant BERGER used her power and authority to direct Ms. Berman to engage in numerous discriminatory and retaliatory acts against Plaintiff that are specifically intended to deprive Plaintiff of her health, livelihood and employment. (See Exhibits "1", "5" and "6" to the complaint.)

28. Since in or around 2006, defendants have subjected Ms. Sosa to continuous and on-going discrimination, harassment, retaliation and a hostile work environment based on Plaintiff's race (African American), national origin (West Indian), skin color (dark-skinned), and her actual disabilities.

29. Pursuant to the ADA, the NYSHRL and the NYCHRL, Ms. Sosa is a qualified individual with a disability based on her disabilities as described in this complaint and documented.

30. In or around 2007, Ms. Sosa was diagnosed with breast cancer, and was required to undergo chemotherapy treatment. In addition to Ms. Sosa's two bouts with breast cancer, she has also suffered from carpal tunnel syndrome, hernia, various spinal injuries, and other disabilities as are more fully described herein.

6

31.     Ms. Sosa's hard battle with defendants to secure her necessary medical accommodations relating to her cancer diagnoses and treatment are well documented in Civil Action 07094. The legal battles between the parties in Civil Action 07094 have been the precursors for many of defendants' retaliatory and discriminatory actions against plaintiff.

32.     At all times relevant to the complaint, and since 2006, Defendant BERGER fails and unreasonably refuses to grant preferences to Ms. Sosa that are guaranteed by the collective bargaining agreement governing Ms. Sosa's employment. Ms. Sosa's grievance made against defendant BERGER on this basis have been sustained sustained.

33.     In or around 2013, Ms. Sosa was diagnosed with and began treatment for depression and anxiety.

34.     Ms. Sosa's depression and anxiety were caused in large part by the disparate treatment and harassment that she received from her employers at work that are based on her race, her West Indian ethnicity, and her dark skin.

35.     Ms. Sosa experienced humiliation, grief, anxiety, nausea and insomnia stemming directly from defendants unlawful treatment.

36.     From in or around 2013 through 2015, Ms. Sosa took an approved medical leave of absence from her teaching duties for treatment for her disabilities.

37.     In or around April 2016, Ms. Sosa indicated via the NYCDOE Self-Service Online Leave Application System that she would like to return to work for the 2016-2017 school year and submitted the necessary documentation. Ms Sosa sent in a completed mandatory "Preference Sheet" to defendant BERGER indicating that she wanted to return to work as a Homeroom Teacher at PS213. In addition, Ms. Sosa sent to defendant BERGER an

Accommodation Request Form requesting a specific and medically approved schedule; along with two physician's notes, dated May 5, 2016 and May 12, 2016, respectively.

38. The physicians notes recommended that Ms. Sosa "be given a consistent schedule" and a "structured classroom environment which will accommodate her for medical reasons. Exhibit "4" to this complaint are true and correct copies of the documents submitted by Ms. Sosa to the NYCDOE in support of her medical accommodations request.

39. In or around June 2016, Ms. Sosa received her teaching schedule for the 2016-2017 school year; the schedule stated that Ms. Sosa would return to work as a Cluster Teacher instead of a Homeroom Teacher, and that her worksite would be at P.S. 179 in the P4Q school complex, instead of at PS213 where she was previously located. Defendants declined to grant Ms. Sosa the schedule that she requested in her Accommodation Request Form. Defendants gave no explanation for their denial of Ms. Sosa's requested schedule.

40. On or about June 6, 2016, Ms. Sosa filed a grievance for a reorganization and preference site request. Based on the United Federation of Teachers (UFT) contract, defendant BERGER was required to schedule and arrange a grievance conference. Defendant BERGER failed to adhere to the UFT contract, failed to schedule a grievance conference with Ms. Sosa, and Ms. Sosa's grievance went on to a Step II level grievance without any involvement by defendant BERGER.

41. In or around the end of June 2016, Ms. Sosa emailed defendant BERGER to again request the schedule in her Accommodation Request Form, as well as asking to be transferred back to PS213, her former classroom, and to resume her duties as a Homeroom Teacher instead of a Cluster Teacher. Ms. Sosa explained to defendant BERGER that her requests would allow "for a structured and consistent environment" that would "help [her] work at [her] full capacity."

42.     In or around the end of June 2016, defendant BERGER responded to Ms. Sosa's email, stating that the NYCDOE Medical Administration Office ("HR Connect") would evaluate Ms. Sosa's medical accommodation request.

43.     Defendant BERGER refused to meaningfully interact with Ms. Sosa.

44.     Defendant BERGER's refusals to meaningfully interact with Ms. Sosa are a violation of the collective bargaining agreement governing Ms. Sosa's employment.

45.     Defendant BERGER's unreasonable refusal to interact with Ms. Sosa are a continuing pattern of defendant BERGER's patterns of racial discrimination, discrimination on the basis of national origin, and on the basis of Ms. Sosa's dark skin.

46.     Defendant BERGER's unreasonable refusal to interact with Ms. Sosa is in retaliation against Ms. Sosa for filing and prosecuting Civil Action 07094.

47.     On or about July 11, 2016, Ms. Sosa submitted an additional physician's note in support of her medical accommodations request, which recommended that Ms. Sosa be transferred to her previous classroom at PS213 in her regular position as a Homeroom Teacher, and be given the schedule that she requested in her Accommodation Request Form.

48.     On or about August 10, 2016, Ms. Sosa received a letter from HR Connect informing her *inter alia*, that she was not granted the schedule that she requested in her Accommodation Request Form; that the "[u]se of "usual" classroom, controlled environment… cannot be accommodated as reasonable."

49.     On information and belief, defendants regularly granted the requests of other Caucasian, non- African American teachers for scheduling changes and classroom transfers.

50.     On information and belief, defendant BERGER regularly grants the requests of other Caucasian, non- African American, and non- disabled teachers for scheduling changes and classroom transfers.

51.     On information and belief, defendants could have easily granted Ms. Sosa's requests, which would not have caused defendants any undue hardship, and defendants stated reasons for their denial of Ms. Sosa's requests were pretextual in nature.

52.     On information and belief, defendant BERGER could have easily granted Ms. Sosa's requests, which would not have caused defendants any undue hardship, and defendant BERGER's stated reasons for their denial of Ms. Sosa's requests were pretextual in nature.

53.     On information and belief, defendant BERGER's failures to grant Ms. Sosa's request are motivated purely by racial animus against African American persons with dark skin and her personal disgust for Ms. Sosa's disabilities.

54.     Ms. Sosa was never afforded the opportunity to respond to the pre-textual "reasons" underscoring defendants' denial of her Accommodations Request.

55.     On information and belief, HR Connect's issuance of the August 10, 2016 letter to Ms. Sosa was the last step in the accommodations process.

56.     On or about January 12, 2017, Ms. Sosa filed her Verified Complaint against defendants with the New York City Commission on Human Rights for defendants' violations of her rights under inter alia, the ADA, NYCCHR, NYSHRL, New York State Executive Law, and more. (Exhibit "1").

57.     On or about June 27, 2017, defendants submitted their Verified Answer to Ms. Sosa's Complaint to the New York City Commission on Human Rights. A true and correct copy

of defendants' Verified Answer is annexed to this complaint as Exhibit "5" and incorporated by reference herein.

58.     On or about August 18, 2017, Ms. Sosa submitted her Complainant's Rebuttal to the Verified Answer to the New York City Commission on Human Rights. A true and correct copy of Complainant's Rebuttal to the Verified Answer is annexed as Exhibit "6" and is incorporated by reference herein.

59.     At all times relevant to the complaint defendants have sought to remove Plaintiff from her position as a teacher at P4Q@PS213 on the basis that plaintiff is an African American of West Indian national origin with dark skin and disabilities.

60.     Defendants have continuously treated Ms. Sosa differently than Caucasian teachers by inconsistently and discriminatorily applying workplaces rules. See Exhibits "5", "6" and "7" to the complaint and the allegations regarding Defendant's discriminatory application of workplace rules contained therein.

61.     Defendants have accused plaintiff of professional misconduct without any cause whatsoever. Each allegation of professional misconduct made against plaintiff by defendants is specifically intended to harass and annoy plaintiff and to deprive plaintiff of her dignity, health, livelihood, professional reputation, and her employment with NYCDOE. See Exhibits "5", "6" and "7" to the complaint and the allegations contained therein.

62.     Each allegation of professional misconduct made against plaintiff by defendants is false, slanderous, harassing, retaliatory and specifically intended to materially damage plaintiff in her employment with NYCDOE. Defendant's allegations of professional misconduct affect plaintiff's reputation, financial remunerations, privileges and ultimately her wages as a teacher.

63. Defendant's baseless allegations of professional misconduct caused the plaintiff extreme fear, shame, anxiety, hair loss, nausea and insomnia.

64. Defendants multiple retaliations against plaintiff caused the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia. See Exhibits "5" and "6" to the complaint and the allegations regarding defendant's multiple retaliations against plaintiff contained therein.

65. Plaintiff's disability status is not in issue. Defendants conceded that Ms. Sosa's requested accommodations are medically warranted; that Defendants had notice of Ms. Sosa's disability as of June 8, 2016; and that Ms. Sosa could perform the essential functions of her teaching job. See Exhibits "4" and "5" to the complaint, Ms. Sosa's submissions to the NYCDOE in support of her medical accommodations request, and the NYCDOE's admissions made before the NYCCHR regarding Ms. Sosa's medically approved accommodation to her teaching schedule.

66. Ms. Sosa requested and was medically approved for an accommodation to her teaching schedule. The NYCDOE found that Ms. Sosa's requested accommodations are medically warranted. Still, the NYCDOE failed and refused to provide Ms. Sosa with her medical accommodation based on proven pretextual reasons given by defendant BERGER.

67. As of the date of the complaint, defendants fail and continue, without any cause, to refuse to provide Ms. Sosa with her ADA medically approved accommodation request.

68. Defendants failure to provide plaintiff with her medically approved accommodations request has impacted plaintiff's health, livelihood, and working conditions, causing the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia.

69. Defendant's retaliations and failures to accommodate Ms. Sosa are part of an on-going discriminatory animus against Ms. Sosa, a pattern of discriminatory acts that constitute a

materially adverse and hostile work environment for Ms. Sosa. See Exhibits "4", "5" and "6" to the complaint and the allegations regarding defendant's multiple retaliations and discriminatory acts against plaintiff contained therein.

70.  Defendant's retaliations and failures to accommodate Ms. Sosa are part of an on going a pattern of behavior that willfully seeks to subject Ms. Sosa to a hostile work environment, in the hopes that Ms. Sosa will either quit or succumb to her illness while trying to maintain her position under attack.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANTS NYCDOE AND BERGER FOR UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RACE PURSUANT TO SEC 1981 AND SEC 1983

71.  Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "70" as if fully set forth herein.

72.  Defendants willfully subject plaintiff to discrimination and harassment in the workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's African American race, and in violation of Sec. 1981.

73.  Plaintiff's right to be free from unlawful race discrimination from defendants herein is secured under Sec. 1983, and defendants are acting "under color of state law" when they engage in the race based discrimination against plaintiff as was described more fully herein.

74.  Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's, health, livelihood, and working conditions, causing the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANT NYCDOE AND BERGER FOR UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S SKIN COLOR PURSUANT TO SEC 1981 AND SEC 1983

13

75. Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "74" as if fully set forth herein.

76. Defendants willfully subject plaintiff to discrimination and harassment in the workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's dark skin, and in violation of Sec. 1981.

77. Plaintiff's right to be free from unlawful race discrimination from defendants herein is secured under Sec. 1983, and defendants are acting "under color of state law" when they engage in the race based discrimination against plaintiff as was described more fully herein.

78. Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR UNLAWFUL RETALIATION AGAINST PLAINTIFF FOR HER OPPOSITION TO, REPORTING OF, COMPLAINING OF, AND BRINGING SUIT AGAINST DEFENDANTS, ON THE BASIS OF THEIR UNLAWFUL RACE AND SKIN COLOR DISCRIMINATION UNDER SEC 1981 AND SEC 1983

79. Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "78" as if fully set forth herein.

80. Defendants willfully and intentionally subjected plaintiff to unlawful retaliation for her opposition to, her reporting of, and complaints about race and color discrimination, including Ms. Sosa's having brought a prior lawsuit against defendants, Civil Action 07094, and defendants conduct is in violation of Sec. 1981.

81. Plaintiff's right to be free and secure in her person from unlawful retaliation by the defendants herein under Sec. 1981 is secured under Sec. 1983, and defendants were acting "under color of state law" when they engaged in the unlawful retaliations alleged herein.

82.     Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff extreme humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT NYCDOE FOR
## UNLAWFUL DISCRIMINATION & HOSTILE WORK ENVIRONMENT BASED ON
## PLAINTIFF'S RACE UNDER TITLE VII

83.     Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "82" as if fully set forth herein.

84.     Defendant NYCDOE willfully subject plaintiff to discrimination and harassment in the NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's African American race in violation of 42 U.S.C. §§ 2000e *et seq*.

85.     Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and her working conditions, causing the plaintiff extreme humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT NYCDOE FOR
## UNLAWFUL DISPARATE TREATMENT & HOSTILE WORK
## ENVIRONMENT BASED ON PLAINTIFF'S NATIONAL ORIGIN
## PURSUANT TO TITLE VII

86.     Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "85" as if fully set forth herein.

87.     Defendants willfully subject plaintiff to discrimination and harassment in the NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in

substantial part on plaintiff's West Indian national origin in violation of 42 U.S.C. §§ 2000e *et seq*.

88.    Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, reputation, health, livelihood, and working conditions, causing the plaintiff extreme humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

### AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION AGAINST DEFENDANT DOE FOR UNLAWFUL DISPARATE TREATMENT & HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RACE AND SKIN COLOR UNDER TITLE VII

89.    Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "88" as if fully set forth herein.

90.    Defendants willfully subject plaintiff to discrimination and harassment in the NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's race and dark skin color in violation of 42 U.S.C. §§ 2000e *et seq*.

91.    Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

### AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION AGAINST DEFENDANT DOE FOR UNLAWFUL RETALIATION AGAINST PLAINTIFF FOR HER OPPOSITION TO, REPORTING OF, COMPLAINING OF, AND BRINGING SUIT AGAINST DEFENDSANTS ON THE BASIS OF THEIR UNLAWFUL RACE AND SKIN COLOR DISCRIMINATION AGAINST PLAINTIFF UNDER TITLE VII

92.    Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "91" as if fully set forth herein.

93.     Defendants willfully and intentionally subjected plaintiff to unlawful retaliation for her opposition to, her reporting of, and her complaints about race and color discrimination against, including her bringing of a lawsuit, Civil Action 07094, against defendants on that same basis, and in violation of TITLE VII.

94.     Plaintiff has been materially damaged by defendant's retaliatory conduct, which have impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff extreme humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR
## UNLAWFUL DISPARATE TREATMENT & HOSTILE WORK ENVIRONMENT
### BASED ON PLAINTIFF'S RACE UNDER NYSHRL

95.     Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "94" as if fully set forth herein.

96.     Defendants willfully subject plaintiff to discrimination and harassment in the NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's African American race in violation of the *New York State Executive Law* §§ 296, *et seq.*

97.     Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's, health, livelihood, and working conditions, causing the plaintiff humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S NINTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR
## UNLAWFUL DISPARATE TREATMENT & HOSTILE WORK ENVIRONMENT
### BASED ON PLAINTIFF'S RACE AND SKIN COLOR UNDER NYSHRL

98.     Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "97" as if fully set forth herein.

99.     Defendants willfully subject plaintiff to discrimination and harassment in the

NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in

substantial part on plaintiff's dark skin color in violation of the New York State Executive Law

§§ 296, *et seq.*

100.    Plaintiff has been materially damaged by defendant's discriminatory conduct,

which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and working

conditions, causing the plaintiff extreme humiliation, fear, shame, anxiety, hair loss, nausea and

insomnia.

## AS AND FOR PLAINTIFF'S TENTH CAUSE OF ACTION AGAINST DEFENDANT DOE FOR UNLAWFUL RETALIATION AGAINST PLAINTIFF FOR HER OPPOSITION TO, REPORTING OF, COMPLAINING OF, AND BRINGING SUIT AGAINST DEFENDANTS ON THE BASIS OF THEIR UNLAWFUL RACE AND SKIN COLOR DISCRIMINATION AGAINST PLAINTIFF UNDER NYSHRL

101.    Plaintiff repeats and alleges each and every one of the allegations contained in

paragraphs "1" through "100" as if fully set forth herein.

102.    Defendants willfully and intentionally subjected plaintiff to unlawful retaliation

for her opposition to, her reporting of, and her complaints about race and color discrimination

against, including her bringing of a lawsuit, Civil Action 07094, against defendants on that same

basis, in violation of the New York State Executive Law §§ 296, *et seq.*

103.    Plaintiff has been materially damaged by defendant's retaliatory conduct, which

have impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions,

causing the plaintiff humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS NYCDOE AND BERGER FOR UNLAWFUL DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RACE UNDER THE NYCHRL

104. Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "103" as if fully set forth herein.

105. Defendants willfully subject plaintiff to discrimination and harassment in NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's African American race, and in violation of the Administrative Code of the City of New York § 8-101 *et seq.*, and § 8-107(15) et seq.

106. Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia.

### AS AND FOR PLAINTIFF'S TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS NYCDOE AND BERGER FOR UNLAWFUL DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RACE UNDER THE NYCHRL

107. Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "106" as if fully set forth herein.

108. Defendants willfully subject plaintiff to discrimination and harassment in NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's West Indian national origin, and in violation of the *Administrative Code of the City of New York* § 8-101 *et seq.*, and § 8-107(15) et seq.

109. Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff extreme fear, shame, anxiety, hair loss, nausea and insomnia.

### AS AND FOR PLAINTIFF'S THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS NYCDOE AND BERGER FOR UNLAWFUL DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S RACE UNDER THE NYCHRL

110. Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "109" as if fully set forth herein.

111. All defendants willfully subjected plaintiff to discrimination and harassment in NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's dark skin color, and in violation of the Administrative Code of the City of New York § 8-101 *et seq.*, and § 8-107(15) et seq.

112. Plaintiff has been materially damaged by defendant's discriminatory conduct, which has impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff extreme fear, shame, anxiety, hair loss, nausea and insomnia.

### AS AND FOR PLAINTIFF'S FOURTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS NYCDOE AND BERGER FOR UNLAWFUL DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S ACTUAL DISABILITIES, RECORD OF HAVING SUCH DISABILITIES, AND/OR PERCEIVED DISABILITIES UNDER THE NYCHRL

113. Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "112" as if fully set forth herein.

114. All defendants willfully subjected plaintiff to discrimination and harassment in NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's actual disabilities and requests for medical accommodations for the same, in violation of the *Administrative Code of the City of New York* § 8-101 *et seq.*, and § 8-107(15) et seq.

115. Plaintiff has been materially damaged by defendant's discriminatory conduct, which has further impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S FIFTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS NYCDOE AND BERGER FOR UNLAWFUL RETALIATION AGAINST PLAINTIFF FOR HER OPPOSITION TO, REPORTING OF, COMPLAINING OF, AND BRINGING SUIT AGAINST DEFENDANTS ON THE BASIS OF THEIR UNLAWFUL RACE AND SKIN COLOR DISCRIMINATION AGAINST PLAINTIFF UNDER NYCHRL

116.    Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "115" as if fully set forth herein.

117.    Defendants willfully and intentionally subjected plaintiff to unlawful retaliation for her opposition to, her reporting of, and her complaints about race and color discrimination against, including her bringing of a lawsuit, Civil Action 07094, against defendants on that same basis, in violation of the *Administrative Code of the City of New York* § 8-101 *et seq.*, and § 8-107(15) et seq.

118.    Plaintiff has been materially damaged by defendant's retaliatory conduct, which have impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff extreme humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

## AS AND FOR PLAINTIFF'S SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANT NYCDOE FOR UNLAWFUL RETALIATION AGAINST PLAINTIFF FOR HER OPPOSITION TO, REPORTING OF, COMPLAINING OF, AND BRINGING SUIT AGAINST DEFENDANTS ON THE BASIS OF THEIR UNLAWFUL RACE AND SKIN COLOR DISCRIMINATION AGAINST PLAINTIFF UNDER NYCHRL

119.    Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "118" as if fully set forth herein.

120.    Defendants willfully and intentionally subjected plaintiff to unlawful retaliation for her opposition to, her reporting of, and her complaints about race and color discrimination against, including her bringing of a lawsuit, Civil Action 07094, against defendants on that same

basis, in violation of the *Administrative Code of the City of New York* § 8-101 *et seq.*, and § 8-107(15) et seq.

121.　Plaintiff has been materially damaged by defendant's retaliatory conduct, which have impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff humiliation, fear, shame, anxiety, hair loss, nausea and insomnia.

### AS AND FOR PLAINTIFF'S EIGHTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS NYCDOE AND BERGER FOR UNLAWFUL DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT BASED ON PLAINTIFF'S ACTUAL DISABILITIES, RECORD OF HAVING SUCH DISABILITIES, AND/OR PERCEIVED DISABILITIES UNDER THE ADA AND NYSHRL

122.　Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "121" as if fully set forth herein.

123.　All defendants willfully subjected plaintiff to discrimination and harassment in NYCDOE workplace, intentionally creating a hostile environment for her, based wholly or in substantial part on plaintiff's actual disabilities, her perceived disabilities, and requests for medical accommodations for the same, in violation of the ADA and Rehabilitation Act and the *New York State Executive Law* §§ 296, *et seq.*

124.　Plaintiff has been materially damaged by defendant's discriminatory conduct, which has further impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia.

### AS AND FOR PLAINTIFF'S NINETEENTH CAUSE OF ACTION AGAINST DEFENDANT NYCDOE FOR UNLAWFUL RETALIATION AGAINST PLAINTIFF FOR HER OPPOSITION TO, REPORTING OF, COMPLAINING OF, AND BRINGING SUIT AGAINST DEFENDANTS ON THE BASIS OF THEIR UNLAWFUL DISABILITY DISCRIMINATION AGAINST PLAINTIFF UNDER THE ADA

125.     Plaintiff repeats and alleges each and every one of the allegations contained in paragraphs "1" through "124" as if fully set forth herein.

126.     Defendants willfully and intentionally subjected plaintiff to unlawful retaliation for her opposition to, her reporting of, and her complaints about disability discrimination against, including her bringing of a lawsuit, Civil Action 07094, against defendants on that same basis, in violation of the ADA and Rehabilitation Act.

127.     Plaintiff has been materially damaged by defendant's discriminatory conduct, which has further impacted plaintiff's dignity, rights, reputation, health, livelihood, and working conditions, causing the plaintiff fear, shame, anxiety, hair loss, nausea and insomnia.

## JURY DEMAND & PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court:

a.     assume jurisdiction over this action; and empanel a jury of plaintiff's peers to hear and determine all material issues of fact in this action; and,

b.     enter judgment and award in favor of the plaintiff, and against all defendants, jointly and severally, for compensatory damages, in an amount to be determined at trial by a jury, but no less than $250,000.00, for their unlawful discriminatory and retaliatory acts against plaintiff, including payment to Ms. Sosa for her severe mental and physical distress, mental anguish, humiliation and embarrassment from defendant's acts under Sec. 1981, Sec. 1983, Title VII, the NYSHRL, the NYCHRL, and the ADA, the Rehabilitation Act; and,

c.     enter judgment and award in favor of the plaintiff and against defendant NYCDOE for punitive and/ or liquidated damages, in an amount to be determined at trial by a jury, but no less than $250,000.00, for their unlawful discriminatory and retaliatory acts against plaintiff, including payment to Ms. Sosa for her severe mental and physical distress, mental

anguish, humiliation and embarrassment from defendant's acts under Sec. 1981, Sec. 1983. Title VII, the NYSHRL, the NYCHRL, and the ADA, the Rehabilitation Act; and,

d. enter judgment and award in favor of the plaintiff and against all defendants, jointly and severally, for punitive and/ or liquidated damages, in an amount to be determined at trial by a jury, but no less than $250,000.00, for their unlawful discriminatory and retaliatory acts against plaintiff under the NYCHRL; and,

e. enter judgment and award in favor of the plaintiff and against all defendants, jointly and severally, for plaintiff's reasonable attorney's fees and the costs and expenses associated with the prosecution of this civil action under Sec. 1981, Sec. 1983. Title VII, the NYSHRL, the NYCHRL, and the ADA, the Rehabilitation Act; and,

e. grant such additional or alternative relief as may appear to the Court to be just and proper.

Dated: January 20, 2018
  New York, New York

*Respectfully Submitted,*

**JALILA A. BELL, ESQ.**

_____

**Jalila A. Bell, Esq.** (JB7343)
*Attorney for Plaintiff, Alice Sosa*
11 Broadway, Suite 715
New York, NY 10004
(347) 596 – 1875 tel
jalilaabell@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

ALICE SOSA,

                    Plaintiff,

       -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,
MARCY BERGER, in her official and
Individual capacities,

                 Defendants.

_____ X

**Index No. :**

**VERIFICATION**

     **ALICE SOSA**, being duly sworn, deposes and says:
     I am the Plaintiff in the above referenced action.  I have read the foregoing Complaint and know the contents thereof; and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                              **ALICE SOSA**
                                               *Plaintiff*

STATE OF NEW YORK, COUNTY OF Queens )     SS.:

On January 20th, 2018, before me, the undersigned, personally appeared Alice Sosa personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                            Notary Public

                                        JASON SUH
                            NOTARY PUBLIC, STATE OF NEW YORK
                            Registration No. 01SU8258442
                            Qualified in Queens County
                            Commission Expires March 26, 2020

Jalila A. Bell, Esq. [JB7343]
*Attorney for Plaintiff*
11 Broadway, Suite 715
New York, New York 10004
(347) 596 – 1875 Tel
jalilaabell@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

ALICE SOSA,

    Plaintiff,

  -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,
MARCY BERGER, in her official and
Individual capacities,

    Defendants.
_____ X

**Index No. :**

**COMPLAINT**

JURY TRIAL DEMANDED

Dated: January 20, 2018
  New York, New York

      *Respectfully Submitted,*

      **JALILA A. BELL, ESQ.**

      _____
      **Jalila A. Bell, Esq.** (JB7343)
      *Attorney for Plaintiff, Alice Sosa*
      11 Broadway, Suite 715
      New York, NY 10004
      (347) 596 – 1875 teL
      jalilaabell@gmail.com

TO:  NEW YORK CITY DEPARTMENT OF EDUCATION
    100 CHURCH STREET, 4TH FLOOR
    NEW YORK, NEW YORK 10007

    MARCY BERGER
    196-25 PECK AVENUE
    QUEENS, NEW YORK 11365