

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ERIC MURRELL
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-4083
emurrell@law.nyc.gov

April 25, 2018

**VIA ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East – Courtroom 324N
Brooklyn, NY 11201

        Re:  Sosa v. City of New York, et al.
               Docket No. 18-CV-00411 (PKC) (SJB)

Dear Judge Bulsara:

      The Plaintiff alleges that while working as a Special Education teacher with the BOE, she was subjected to racial and disability/perceived disability discrimination, and retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); 42 U.S.C. §§ 1981 and 1983 ("§ 1981" and "§ 1983"); the Americans with Disabilities Act of 1990 ("ADA"); the New York State Human Rights Law ("SHRL"); and the New York City Human Rights Law ("CHRL"). Pursuant to Your Honor's Order to Show Cause (see Dkt. No. 12 at 3), Defendants write to explain why this lawsuit should be dismissed with prejudice on the basis of *res judicata*, and because the complaint otherwise fails to plausibly state a claim upon which relief may be granted.

**A.**    **Background (Based on Plaintiff's Allegations)[1]**

      Plaintiff alleges that she is a disabled African-American woman of West Indian (Caribbean) national origin, with a dark skin color. See Compl. at ¶ 6. At all times relevant to the Complaint, plaintiff has been employed by Defendant, the Board of Education of the City School District of the City of New York ("BOE") (sued herein and doing business as the "New York City Department of Education") as a certified special education teacher. Id. at ¶ 7. Defendant Marcy Berger ("Berger") has supervisory authority over plaintiff. Id. at ¶ 22. Plaintiff alleges that "since in or around 2006," the Defendants have subjected plaintiff "to continuous and on-going discrimination, harassment, retaliation, and a hostile work environment based on race, national origin, skin color, and her actual disabilities." Id. at ¶ 28. Moreover,

---

[1] Plaintiff's factual allegations are assumed to be true for the purposes of this brief.

following a medical leave of absence from 2013-2015, in April 2016, plaintiff indicated she would like to return to work for the 2016-2017 school year and submitted documentation in support along with a Reasonable Accommodation Request. Id. at ¶ 37. The documentation stated plaintiff should "be given a consistent schedule" and a "structured classroom environment which will accommodate her for medical reasons." Id. at ¶ 38. Defendants declined to grant plaintiff's request. Id. at ¶ 39. On or about June 6, 2016, plaintiff filed a grievance for a reorganization and preference site request. Id. at ¶ 40. Later, in June 2016, plaintiff e-mailed Berger to again request a specific teaching schedule as a reasonable accommodation. Id. at ¶ 41. Berger's refusal to meaningfully interact with plaintiff in violation of the collective bargaining agreement constitutes a continuing pattern of Berger's discrimination based on plaintiff's protected characteristics, and retaliation for filing Sosa v. NYC Dep't of Educ. et al., No. 14-CV-7094. Id. at ¶¶ 43-46. Berger regularly granted the requests of other "Caucasian, non-African-American teachers for scheduling changes and classroom transfers." Id. at ¶ 49.

**B.     Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata**

The doctrine of claim preclusion forecloses litigation of a claim that has been adjudicated in an earlier suit. Staten v. City of N.Y., 2017 U.S. Dist. LEXIS 106083, at *13 (S.D.N.Y. July 10, 2017), aff'd, 2018 U.S. App. LEXIS 6332 (2d Cir. Mar. 12, 2018). Dismissal of a claim on the basis of claim preclusion requires a showing that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Id. Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence. Id. "It is well settled that an order entered on a motion for summary judgment constitutes a disposition on the merits and, accordingly, is entitled to preclusive effect for purposes of *res judicata*." Houdet v. United States Tennis Ass'n, 2014 U.S. Dist. LEXIS 167791, at *10 (E.D.N.Y. Dec. 3, 2014), aff'd, 627 F. App'x 37 (2d Cir. 2016).

Plaintiff's 2014 Complaint has factual averments concerning the period 2006 to late 2014. See Sosa, No. 14-CV-7094 at Dkt. No. 1. The 2014 lawsuit was dismissed following a motion for summary judgment, the prior dismissal of certain claims, and the order of the District Court to decline to exercise supplemental jurisdiction over non-federal claims. See Sosa No. 14-CV-7094, Order dated April 6, 2018. The claims asserted in the lawsuit herein appear to be identical to the claims brought in the 2014 lawsuit, with substantial factual overlap as to the time period, and the defendants being sued. The lawsuits appear identical with the exception of the events in this case that allegedly occurred between 2014-2016. Compare Compl. at ¶¶ 11-26, 28-35, 45, 49-55, 59-64, and 69-127 with No. 14-CV-7094 at Dkt. No. 1, ¶¶ 16-21, 30, 33-90.

Even as to the factual allegations rooted in events occurring between 2014-2016, claim preclusion applies because the facts on which those allegations are based do not amount to a new claim. Instead, they are nothing more than additional instances of what was previously asserted in Sosa, No. 14-cv-7094 (*i.e.* that Defendants will not accommodate or interact with plaintiff because of discrimination under the ADA, Title VII, 42 U.S.C. §§ 1981 and 1983). Claim preclusion applies because the issue of whether the Defendants discriminated and retaliated against plaintiff in violation of the aforementioned statutes was settled in Sosa No. 14-CV-7094, Order dated April 6, 2018. Staten, 2017 U.S. Dist. LEXIS 106083, at *15; Amid v.

Chase, 2017 U.S. App. LEXIS 23619, at *6 (2d Cir. Nov. 22, 2017) ("A suit can be claim precluded even if it is based in part on facts that occurred after the initial suit"). Plaintiff "may not revive the claims by simply pointing to new instances of the same sort of conduct alleged" in Sosa No. 14-CV-7094, Order dated April 6, 2018. Staten, 2017 U.S. Dist. LEXIS 106083, at *16. Plaintiff frames the conduct alleged in ¶¶ 37-42 and 47-55 of the Compl. as an indication of a "continuing pattern" of misconduct where virtually all of the misconduct comprising this "continuing pattern" took place before plaintiff filed Sosa, No. 14-CV-7094. See Compl. at ¶¶ 23-28, 32, 45. Consequently, the essential facts of plaintiff's claims existed at the time of her first suit, and claim preclusion applies. Amid, 2017 U.S. App. LEXIS 23619, at *7-8.

### C. Even If Not Subject To Res Judicata, Plaintiff Failed To State A Plausible Claim Of Retaliation For Filing Sosa, No. 14-CV-7094

Moreover, the Defendants' "alleged failure to accommodate [plaintiff's] disability subsequent to an ADA . . . protected request cannot be bootstrapped into a viable disability retaliation claim." Missick v. City of New York, 707 F. Supp. 2d 336, 356-57 (E.D.N.Y. 2010); see Gomez v. Laidlaw Transit, Inc., 455 F. Supp. 2d 81, 90 (D. Conn. 2006) ("To the extent plaintiff claims that defendant's ongoing failure to accommodate her constituted retaliation, this claim is also insufficient as a matter of law. Requesting accommodation inevitably carries the possibility that the employer will not honor the request. If the prospect that an employer might not honor the request would deter a reasonable employee from even making the request, reasonable employees would not request accommodation. For this reason, a failure to accommodate cannot constitute retaliation for an employee's request for accommodation."); see also D'Amico v. City of N.Y., 2018 NY Slip Op 02003, ¶ 1 (App. Div.) (Reasonable accommodation requests are not protected activities under the SHRL and CHRL) (collecting cases).

To the extent plaintiff contends actionable retaliation claims based solely on continued denial of reasonable accommodation requests, such claims fail to state a plausible cause of action. Moreover, plaintiff alleges Defendant Berger refused to interact with plaintiff subsequent to the filing of Sosa, No. 14-CV-7094. See Compl. at ¶¶ 43-46. To the extent the alleged refusal to interact differs from the alleged failure to accommodate, it still would not be actionable under Title VII, the ADA, 42 U.S.C. ¶¶ 1981 and 1983, the SHRL, and the CHRL. Judith Mills v. S. Conn. State Univ., 519 Fed. Appx. 73, 75-76 (2d Cir. 2013) (shunning by colleagues and faculty members insufficient to establish discrimination and a hostile work environment); McCullough v. Xerox Corp., 942 F. Supp. 2d 380, 387-88 (W.D.N.Y. 2013) (collecting cases); Melman v. Montefiore Med. Ctr., 2012 NY Slip Op 4111, ¶¶ 18-19, 98 A.D.3d 107, 131, 946 N.Y.S.2d 27, 43 (App. Div.) (At most, plaintiff has alleged that his charge of discrimination and subsequent lawsuit caused his personal relationship with Montefiore administrators to deteriorate. As a matter of common sense, this sort of breakdown in personal relations is inevitable once a serious lawsuit has been commenced. In any event, we find, as a matter of law, that plaintiff fails to allege any conduct by Montefiore causally connected to his charge of discrimination that rises to the level of actionable retaliation within the meaning

of Administrative Code § 8-107(7), namely, conduct "*reasonably* likely to deter a person from engaging in protected activity") (emphasis added) (CHRL). [2]

Plaintiff has failed to state a plausible claim that any of the alleged actions taken by the Defendants were in retaliation for plaintiff filing and prosecuting Sosa, No. 14-CV-7094. Accordingly, the Court should dismiss plaintiff's complaint in Civil Action No. 18-CV-00411 (PKC) (SJB) with prejudice.

Respectfully submitted,
/s/ *Eric Murrell*
Eric Murrell
Assistant Corporation Counsel

cc: Honorable Pamela K. Chen (**by ECF**)
United States District Judge

Jalila A. Bell (**by ECF**)
Attorney for Plaintiff

---

[2] What is considered an adverse employment action for retaliation claims is the same under federal and state laws plaintiff herein relies on. Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015) (Title VII); Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72 (2d Cir. 2015) (§ 1983); Kleinman v. Fashion Inst. of Tech., 2017 U.S. Dist. LEXIS 109744 (S.D.N.Y. July 14, 2017) (ADA); Capek v. BNY Mellon, N.A., No. 15-CV-4155-LTS-AJP, 2018 U.S. Dist. LEXIS 42853, at *21-22 (S.D.N.Y. Mar. 15, 2018) (§ 1981); Moore v. Verizon, 2016 U.S. Dist. LEXIS 16201 (S.D.N.Y. Feb. 5, 2016) (SHRL); *cf.* N.Y.C. Admin. Code § 8-107(7)(v) (one need only demonstrate that the challenged action was "reasonably likely to deter a person from engaging in protected activity.").