UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALICE SOSA,

                Plaintiff,

              - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION and MARCY BERGER,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-00411 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Alice Sosa ("Plaintiff") brings this action against the New York City Department of Education and Marcy Berger ("Defendants"), alleging violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 12101 *et seq.* ("American with Disabilities Act" or "ADA"), New York State Executive Law § 296 *et seq.* ("New York State Human Rights Law"), and the New York City Administrative Code § 8-101 *et seq.* and § 8-107(15) ("New York City Human Rights Law").[1] On June 8, 2018, Defendants filed a motion to dismiss. (Dkt. 18.) On June 12, 2018, the motion was referred to the Honorable Sanket J. Bulsara, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d). On November 13, 2018, Judge Bulsara ordered additional briefing on the issue of exhaustion as a defense. In his Report and Recommendation ("R&R"), issued January 22, 2019, Judge Bulsara recommends that the Court (1) dismiss Plaintiff's federal claims; (2) decline to exercise supplemental jurisdiction over Plaintiff's state law claims; and (3) grant Plaintiff leave to amend. (*See* R&R, Dkt. 30, at 2.) On February 5, 2019, Plaintiff timely filed objections to

---

[1] Plaintiff has a previously-filed lawsuit against Defendants, *Sosa v. N.Y.C. Dep't of Educ.*, No. 14-CV-7094 ("*Sosa I*"), that is pending before the Honorable LaShann DeArcy Hall in this district.

1

Judge Bulsara's R&R. (*See generally* Plaintiff's Objections to Report and Recommendation ("Pl.'s Objs."), Dkt. 31.) Finding no merit to Plaintiff's objections and no error in Judge Bulsara's decision, the Court adopts the R&R in its entirety and grants Defendants' motion to dismiss.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendation on a dispositive matter, the Court reviews *de novo* those determinations as to which a party has specifically objected. *See id.* ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Frankel v. New York City*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (quotation and brackets omitted). Accordingly, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted).

## DISCUSSION

Plaintiff raises four objections to the R&R. Specifically, she argues that the R&R erroneously analyzed whether she adequately alleged:

(1) that she sustained an adverse employment action, as part of her unlawful discrimination claims;

(2) that her workplace was characterized by objectively hostile conduct, as part of her hostile work environment claims;

(3) that her hostile work environment was caused by Defendants' racial animus, as part of her hostile work environment claims; and

(4) that she is similarly situated to her colleagues, as part of her disparate treatment claims.[2]

On a motion to dismiss, the Court treats the elements of a *prima facie* case as "an outline of what is necessary to render a plaintiff's employment discrimination claims for relief plausible." *Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 429 (S.D.N.Y. 2014) (internal quotations and citation omitted); *see Littlejohn v. City of New York*, 795 F.3d 297, 308 (2d Cir. 2015) (the standard for *prima facie* case sufficiency is not a pleading requirement, but an evidentiary standard). Thus, for the Court to deem a set of factual allegations plausible, and therefore adequate to defeat a motion to dismiss, Plaintiff must allege facts that allow the Court, in substance, to infer the essential elements of a *prima facie* case. *See Knight v. State Univ. of New York at Stony Brook*, No. 13-CV-0481 (JS) (GRB), 2014 WL 4639100, at *5 (E.D.N.Y. Sept. 16, 2014).

I.  **Plaintiff's Objection to the R&R's Adverse Employment Action Analysis**

Plaintiff objects to the R&R's conclusion that she did not sustain an adverse employment action. "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). "A materially adverse change is a change in working conditions that is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 434 (E.D.N.Y. 2015) (internal

---

[2] All four objections focus on Plaintiff's federal claims brought under § 1981 and § 1983, Title VII, and the ADA.

quotations and citation omitted). "Examples of materially adverse employment actions include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) (internal quotations and citations omitted).

> Plaintiff alleges several adverse employment actions:
>
> Defendants [sic] intentional failure to accommodate her medically approved and requested scheduling preferences, the partial accommodation provided, (Sosa II Compl. ¶¶ 37-39, 47-55), Berger's intentional failure to interact with Sosa during the accommodations process, (id. ¶¶ 40-46), Defendants' allegations of misconduct, (id. ¶¶ 61-63), and the inconsistent application of workplace rules as between Sosa and her colleagues, (id. ¶¶ 60).

(Pl.'s Objs. at 11.)[3] As a result of these actions, Plaintiff alleges that she has suffered significant harm including an increase in her "anxiety, depression, nausea, insomnia and bladder issues . . . [and] damage to her professional reputation amongst her colleagues." (*Id.*) Plaintiff argues that the R&R therefore incorrectly concluded "that Defendants['] conduct was *de minimis* . . . [and] completely disregards the impact of Defendant's [sic] conduct on the disabled plaintiff . . . ." (*Id.* at 12.) The Court disagrees with Plaintiff.

---

[3] Though Plaintiff brings unlawful discrimination claims under § 1981, Title VII, and the ADA, Plaintiff's objection only mentions her ADA claim. (*See* Pl.'s Objs. at 10 ("It's not simply that Defendants violated Sosa's rights *under the ADA* . . . .") (emphasis added); *see also id.* at 13 (citing *McMillian v. City of New York*, an ADA disability discrimination and failure to accommodate decision).) However, given that the standard for an adverse employment action under Title VII and § 1981 are the same as under the ADA, *see, e.g.*, *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 329 n.14 (S.D.N.Y 2015) (noting that the standard for an adverse employment action under the ADA and Title VII are the same); *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011) (noting that the standard for an adverse employment action under Title VII and § 1981 are the same), the Court's reasoning as to the lack of an adverse employment action applies equally to Plaintiff's claims of unlawful discrimination under all three statutes.

An employer's behavior does not constitute an adverse employment action because the employee sustained some generalized harm; the harm must be related to the employee's terms and conditions of employment. *See Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 352 (S.D.N.Y. 2006) (An employee must allege "material harm from [the employer's actions], such as a failure to promote or a loss of career advancement opportunities."); *see also Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) ("An adverse action may or may not entail economic loss but there must be a link between the discrimination and some tangible job benefits such as compensation, terms, conditions or privileges of employment.") (internal quotations and citation omitted); *Smalls v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005) ("[T[he Court also notes here that being yelled at, receiving unfair criticism, receiving unfavorable schedules or work assignments . . . do not rise to the level of adverse employment actions . . . because they [do] not have a material impact on the terms and conditions of Plaintiff's employment.") (internal quotations and citation omitted). The conduct that Plaintiff describes, despite the significant impact that she alleges it had on her physical and mental health, does not rise to such a level as to constitute a "materially adverse change in the terms and conditions of [Plaintiff's] employment." *Galabya*, 202 F.3d at 640.

Plaintiff also argues that Defendants' failure to provide reasonable accommodations constitutes an actionable adverse employment action. (Pl.'s Objs. at 13 ("Because the Defendant's [sic] complained of conduct specifically relates to [Plaintiff's] ability to maintain[] her routine and therefore the consequences of her health regimen related to her disabilities, Sosa's claim is viable.").) Again, the Court disagrees. "While courts may consider the underlying conduct of an alleged failure to accommodate, a failure to accommodate, by itself, is not sufficient for purposes

5

of establishing an adverse employment action." *Sherman v. Cty. of Suffolk*, 71 F. Supp. 3d 332, 345 (E.D.N.Y. 2014) (internal quotations and citations omitted).[4]

Accordingly, given that Plaintiff has not alleged sufficient facts to show how Defendants' conduct constituted a "materially adverse change in the terms and conditions of [Plaintiff's] employment," *Galabya*, 202 F.3d at 640, and there is no error in the R&R regarding this issue, the Court adopts the R&R's recommendation that Plaintiff's § 1981, Title VII, and ADA claim of unlawful discrimination be dismissed.[5]

---

[4] Notably, while Plaintiff asserts a separate failure to accommodate claim under the ADA (Complaint, Dkt. 1, at ¶¶ 122–24), she does not object to the R&R's conclusion that this claim should be dismissed.

[5] Though Plaintiff does not mention her retaliation claim in this objection, a retaliation claim—whether brought under § 1981, Title VII, or the ADA—requires an adverse employment action as well. The Court reviews the R&R's retaliation claim analysis for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). The standard for an adverse employment action in the retaliation context is the same under all three statutes. *See Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 WL 5561209, at *19 (E.D.N.Y. Sept. 21, 2015) ("All four statutes [Title VII, the ADA, § 1981, and the New York State Human Rights Law] contain similar anti-retaliation provisions, analyzed under the *McDonnell Douglas* burden-shifting framework."). "It is now clear that Title VII's anti-discrimination and anti-retaliation provisions are not coterminous; anti-retaliation protection is broader . . . ." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (internal quotations and citation omitted).

"Title VII's anti-retaliation provision applies broadly to employer actions that would have been materially adverse to a reasonable employee or job applicant. Actions are materially adverse if they are harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* For example,

> [t]he Second Circuit has found that negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation periods, failure to process teacher's insurance forms, transfer from library to classroom teaching as an alleged demotion, and assignment to classroom on fifth floor which aggravated teacher's physical disabilities may qualify as adverse employment actions for purposes of a retaliation claim,

## II. Plaintiff's Objection to the R&R's Severe and Pervasive Hostile Environment Analysis

Plaintiff also objects to the R&R's recommendation that her hostile work environment claims under § 1981, Title VII, and the ADA be dismissed. However, Plaintiff's objection merely restates facts alleging that a hostile work environment existed and notes the standard for deciding hostile work environment claims under § 1981. (*See* Pl.'s Objs. at 14.) "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 08–CV–322, 2011 WL 933846 (TJM) (DRH), at *1 (S.D.N.Y. March 16, 2011); *Frankel*, 2009 WL 465645, at *2. Furthermore, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design and Constr., LLC*, 335 F. Supp. 3d 349, 350 (E.D.N.Y. 2018). The R&R does not directly address whether the facts Plaintiff alleges constituted a severe and pervasive hostile environment. Instead, the R&R assumes *arguendo* that such conditions did exist, and concludes that Plaintiff's hostile work environment claim would nonetheless be unsuccessful because of a failure to adequately plead causation. (*See* R&R at 31.) The Court finds that Judge Bulsara did not clearly err when he chose to assume that the facts

---

*Taylor v. New York City Dep't of Educ.*, No. 11-CV-3582, 2012 WL 5989874, at *9 (E.D.N.Y. Nov. 30, 2012) (internal quotations and citation omitted).

The Court finds that the R&R is not clearly erroneous for concluding that Plaintiff failed to adequately allege an adverse employment action for her retaliation claim. Though adverse employment actions are defined more broadly for retaliation claims, "[p]etty slights, minor annoyances, personality conflicts, the sporadic use of abusive language, or simple lack of good manners do not rise to the level of actionable conduct in a [] retaliation claim." *Collymore v. City of New York*, No. 16-CV-08270 (LTS), 2018 WL 3014093, at *8 (S.D.N.Y. June 14, 2018). Furthermore, as discussed *infra*, Plaintiff's retaliation claim also separately fails for not adequately alleging causation.

7

alleged constituted a severe and pervasive hostile environment, and rely on another required element of a hostile work environment claim to support his recommendation of dismissal.

III. **Plaintiff's Objection to the R&R's Causation Analysis**

Plaintiff's third objection argues that she adequately pled causation. Plaintiff argues that she "could prove at trial that, but for Defendant Berger's racial animus towards her, Plaintiff would be treated fairly in the workplace, would not be subject to hostility in the workplace, would receive her preferences and accommodations, would not be made ill, and that her job would not be in jeopardy due [to] an every-burgeoning and distorted disciplinary file." (Pl.'s Objs. at 14.)[6] However, the facts alleged by Plaintiff in her complaint and attached exhibits do not support any inference "that a hostile work environment was created and existed because of [her] protected status, either race, color, or national origin." *De La Peña v. Metro. Life Ins. Co.*, 953 F. Supp. 2d 393, 418 (E.D.NY. 2013). Plaintiff's allegations that she "is the only teacher of West Indian Origin in her unit at P4Q@PS213," that she "is the teacher with the darkest skin color," and that she "is the only African American teacher in her unit at P4Q@PS213 with a disability" (Complaint at ¶¶ 16–18) are not enough to support an inference of causation. *See Falcon v. City Univ. of N.Y.*, 263 F. Supp. 3d 416, 430–31 (E.D.N.Y. 2017) ("The fact that Plaintiff may be a member of a

---

[6] The R&R finds that Plaintiff failed to adequately allege causation on both her hostile work environment and retaliation claims, but the Court infers that Plaintiff is only referring to her hostile work environment claim in this objection. Though Plaintiff never explicitly states that she is addressing only this claim, her assertion that "but for Defendant Berger's *racial animus* towards her, Plaintiff would be treated fairly in the workplace," (Pl.'s Objs. at 14 (emphasis added)), suggests that is Plaintiff's intention. *Compare De La Peña v. Metro. Life Ins. Co.*, 953 F. Supp. 2d 393, 418 (E.D.NY. 2013) (hostile work environment claims require alleging "that a hostile work environment was created and existed because of [her] protected status, either race, color, or national origin"), *with Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) ("To adequately plead causation [on a retaliation claim], the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action.") (internal quotations and citation omitted).

minority group and something happens to [her] that [s]he does not like is not nearly sufficient to constitute an employment discrimination claim.") (internal quotations and citation omitted); *see also Buckley v. New York*, No. 11-cv-5512 (ADS) (AKT), 2012 U.S. Dist. LEXIS 190837, *36–38 (E.D.N.Y. Sept. 29, 2012) ("That type of reasoning—(1) I am a member of a protected class; (2) something bad happened to me at school; (3) therefore, I was discriminated against based upon my status as a member of a protected class—is more than a legal conclusion which this Court is not required to credit: it is a logically-flawed statement.") (internal quotations and citation omitted). Thus, this objection does not provide a basis for rejecting or modifying the R&R and the Court adopts the R&R's recommendation that Plaintiff's § 1981, Title VII, and ADA claims of hostile work environment be dismissed.[7]

## IV. **Plaintiff's Objection to the R&R's Similarly Situated Analysis**

---

[7] As discussed *supra*, Plaintiff does not object to the R&R's causation analysis for her retaliation claim. Therefore, the Court reviews the R&R's analysis for clear error. *DiPilato,* 662 F. Supp. 2d at 339. For a retaliation claim, causation can be inferred temporally. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) ("A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action."). In this case, Plaintiff filed her original action, *Sosa I*, in December 2014 when she was on medical leave. (Complaint at ¶¶ 10, 36.) Plaintiff began contacting school administrators in April 2016 and physically returned to work in the Fall of 2016. (*See* Complaint at ¶¶ 37–48.) Plaintiff alleges that Defendants started retaliating when she contacted them in April, by initially failing to grant her accommodation request, and continued to retaliate against her throughout the 2016-2017 school year. (R&R at 37.) Courts have found adequate allegations of temporal causation when the retaliatory actions began "at the first actual opportunity to retaliate." *Summa v. Hofstra University*, 708 F.3d 115, 128 (2d Cir. 2013); *see also Espinal v. Goord*, 550 F.3d 119, 129 (2d Cir. 2009) (finding temporal causation after six months because "it is plausible that the officers waited to exact their retaliation at an opportune time"). However, given that almost two and a half years passed between the filing of *Sosa I* and the first of the alleged retaliatory acts, and Plaintiff has failed to allege facts that Defendants would have been unable to retaliate earlier when she was on medical leave, the Court finds that the R&R's conclusion that Plaintiff failed to allege temporal causation is not clearly erroneous. Furthermore, Plaintiff's retaliation claim independently fails for not adequately alleging an adverse employment action, as discussed *supra*.

9

Plaintiff objects to the R&R's conclusion that she has not adequately pled that she is substantially similar to her teacher colleagues to support a claim of disparate treatment. An argument that an employee is treated less well that her substantially similar colleagues is another way to raise the inference of discrimination needed for a successful § 1981 and/or Title VII discrimination claim.[8] *See Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 611 (E.D.N.Y. 2017) ("One way of raising an inference of discrimination is through a showing of disparate treatment—that is, a showing that an employer treated plaintiff less favorably than a similarly situated employee outside [her] protected group . . . .") (internal citations and quotations omitted); *see also Bermudez v. City of New York*, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011) ("Claims of employment discrimination under Section 1981 are analyzed under the same framework that applies to Title VII claims and claims under Section 1983."). Plaintiff must do more than make conclusory legal allegations that she is substantially similar to her colleagues in order to adequately plead this claim. *See Williams v. N.Y.C. Health & Hosp. Corp.*, No. 08-CV-4132, 2010 WL 2836356, at *4 (E.D.N.Y. July 16, 2010) (dismissing Title VII claim where plaintiff merely alleged that "[u]pon information and belief, males got paid when they were out sick but females [did] not," and failed to "specify any facts to support her claim that males were indeed treated differently than females in regard to sick-leave pay"). Here, the fact that Plaintiff and her colleagues are all teachers is not enough. *See Butts v. N.Y.C. Dep't of Educ.*, No. 16-CV-5504 (NGG) (RML), 2018 WL 4725263, at *10 (E.D.N.Y. Sept. 28, 2018) (rejecting claim where the plaintiff "pleaded only one commonality between [a colleague] and herself: they were both paraprofessionals" and the plaintiff "did not plead that they were subject to the same evaluation and discipline standards or that they engaged in comparable conduct").

---

[8] Plaintiff does not refer to her ADA disparate treatment claim in this objection.

Plaintiff alleges that "defendants regularly granted the requests of other Caucasian, non-African American teachers for scheduling changes and classroom transfers." (Complaint at ¶ 49.) However, Plaintiff "fails to describe who these people are, what their responsibilities were, how their workplace conduct compared to [hers], or how they were treated." *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014). "Without factual amplification, the generic allegation of disparate treatment related to an unspecified class of Caucasian persons is simply not sufficient to nudge [ ] [her] claims across the line from conceivable to plausible, and thus is insufficient to support her racial discrimination claim." *Id.* (internal quotations and citations omitted). Accordingly, based on its *de novo* review, the Court adopts the R&R's recommendation that the Plaintiff's § 1981 and Title VII disparate treatment claims be dismissed.

## CONCLUSION

Plaintiff has failed to raise any objection that warrants rejection or modification of the R&R, which the Court does not find to be erroneous. The Court, therefore, adopts the R&R in its entirety. Plaintiff's federal law claims are dismissed, with leave to amend, solely for the purpose of correcting the deficiencies identified in the R&R and herein. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, unless Plaintiff can sufficiently allege federal law claims in her amended complaint. Plaintiff shall file any amended complaint by April 22, 2019.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 25, 2019
      Brooklyn, New York