```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALICE SOSA,                                       :
                                                  :
                          Plaintiff,              :
                                                  :     MEMORANDUM &
            -against-                             :     ORDER
                                                  :
THE NEW YORK CITY DEPARTMENT OF                   :     18-CV-411 (PKC)(MMH)
EDUCATION and MARCY BERGER,                       :
                                                  :
                          Defendants.             :
------------------------------------------------------------------x
```

**MARCIA M. HENRY**, United States Magistrate Judge:

In 2018, Plaintiff Alice Sosa, represented by counsel, sued Defendants The New York City Department of Education ("NYC DOE") and Marcy Berger, alleging retaliation under the American with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (*See* 1st Am. Compl. ("FAC"), ECF No. 33; Order on Mot. to Dismiss, ECF No. 41.)[1] Now proceeding *pro se*, Plaintiff's moves to amend the FAC. (Mot., ECF No. 78.)[2] For the reasons stated below, Plaintiff's motion is **denied**.

I.      **BACKGROUND**

    A.      **Factual Allegations**

In the FAC, Plaintiff alleges the following. Plaintiff is a certified special education teacher employed by the NYC DOE. (FAC, ECF No. 33 ¶ 5.) At all relevant times, Berger

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

[2] Plaintiff's motion includes a notice of motion (ECF No. 78) ("Mot."), a proposed second amended complaint (ECF No. 78-1) ("Proposed SAC"), and exhibits (ECF No. 78-2) ("Exs."). Defendants oppose (ECF No. 79) ("Defs.' Opp'n").

acted as the Principal and Head Administrator at the Carl Ullman School ("P.S. 213") in Queens, New York. (*Id.* ¶ 29.)

In 2004, she began working as a full-time classroom teacher at P.S. 213. (*Id.* ¶ 9.) In April 2016, she returned to work after an extended medical leave for treatment related to her symptoms of anxiety and depression, which are ongoing mental impairments that impact major life activities, such as her ability to sleep. (*Id.* ¶¶ 17–18.) Her disability status is not in dispute. (*Id.* ¶ 21.) She experienced depression and anxiety in large part because of disparate treatment and harassment in the workplace, as the only African American woman of West Indian ethnicity, by her white colleagues. (*Id.* ¶¶ 22–25.)

In late January or early February 2017, Plaintiff's disability medications caused her to urinate more frequently, which she communicated to her supervisors, including Berger. (*Id.* ¶ 39.) This functionally limited her ability to complete her duties because it limited the amount of time that she could perform teaching duties before needing to take a bathroom break. (*Id.* ¶ 40.) On January 12, 2017, Plaintiff filed a complaint with the New York City Commission on Human Rights ("NYCCHR") for Defendants' violations of her rights under, *inter alia*, the ADA, NYCHRL, and NYSHRL. (*Id.* ¶ 101.) On February 13, 2017, shortly after Plaintiff disclosed her condition to her supervisors and filed her NYCCHR complaint, the assistant principal announced a new rule that staff would not be allowed to use the bathroom during instructional breakfast and lunch periods. (*Id.* ¶ 43.) In March and April 2017, Plaintiff was accused of professional misconduct based on false accusations. (*Id.* ¶¶ 57–61.) In July 2017, NYC DOE "inexplicably" caused Plaintiff's health insurance to lapse prematurely, and in September 2017, it withheld one of her paychecks for one month without cause. (*Id.* ¶¶ 62–

63.) Last, Plaintiff requested, but was denied, a co-teacher for the 2017–2018 school year and had to file a grievance with the union to obtain a co-teacher assignment. (*Id.* ¶ 87.)

B.   **Procedural History**

Plaintiff commenced this action in January 2018. (Compl., ECF No. 1.) Defendants moved to dismiss, and the Court granted the motion in its entirety but also granted Plaintiff leave to amend her complaint. (Mot. to Dismiss, ECF No. 18; Order, ECF No. 32.) In April 2019, Plaintiff filed the FAC alleging discrimination, hostile work environment, and retaliation claims pursuant to 42 U.S.C. §§ 1981 and 1983, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the ADA, the NYSHRL, and the NYCHRL. (FAC, ECF No. 33.) On Defendants' motion, the Court ultimately dismissed all of Plaintiff's claims except for "Plaintiff's ADA, NYSHRL, and NYCHRL retaliation claims based on adverse employment actions committed by Defendants after Plaintiff filed her January 2017 CCHR Charge." (June 18, 2019 Min. Entry; Defs.' Ltr., ECF No. 34; Order, ECF No. 41 at 20.)

Fact discovery closed in July 2021, after several extensions. (*See* Nov. 16, 2020 Min. Entry & Order; Mar. 5, 2021 Order; Mar. 18, 2021 Order; May 27, 2021 Order; Jun. 29, 2021 Min. Entry & Order.) The parties then engaged in extensive settlement discussions in court conferences and the Court-annexed mediation program[3] but were unable to reach an agreement. (*See* Aug. 26, 2021 Min. Entry & Order; Dec. 17, 2021 Min. Entry & Order; May 17, 2022 Min. Entry & Order; Mediation Status Report, ECF No. 76.) In December 2021, the Court advised that the "parties will revisit dispositive motion practice if the settlement

---

[3] The Court appointed limited representation counsel for settlement purposes. (Dec. 27, 2021 Order Referring Case to Mediation; May 19, 2022 Order Referring Case to Mediation.)

3

discussions are not successful." (Dec. 17, 2021 Min. Entry & Order.) In March 2022, Plaintiff moved to amend the FAC, which the Court denied with leave to renew if mediation was unsuccessful. (1st Mot. to Amend, ECF No. 67; May 17, 2022 Min. Entry & Order.)

In October 2022, the parties reported that mediation had been unsuccessful, and a month later, Plaintiff confirmed her intent to renew her motion to amend. (Mediation Status Report, ECF No. 76; Nov. 22, 2022 Min. Entry & Order.) The Court directed Plaintiff to file her motion by December 2, 2022, and advised that the SAC "shall not include any claims that were dismissed from this case." (Nov. 22, 2022 Min. Entry & Order.) Plaintiff requested an extension, and the Court extended the deadline to January 4, 2023. (Nov. 22, 2022 Min. Entry & Order; Mot. for Extension, ECF No. 77; Dec. 19, 2022 Order.) Plaintiff timely filed her motion by this deadline. (Mot., ECF No. 78.) On March 22, 2023, the Court held a hearing on Plaintiff's motion and reserved decision. (Mar. 22, 2023 Min. Entry; Transcript ("Tr."), ECF No. 80.)

### C. Proposed Amended Complaint

The first 111 paragraphs and seven causes of action in Plaintiff's proposed SAC are the same as in the FAC. (*Compare* FAC, ECF No. 33 ¶¶ 1–134, *with* Proposed SAC, ECF No. 78-1 ¶¶ 1–134.) After paragraph 134, Plaintiff alleges the following. From November 2020 to June 20, 2021, she was granted reasonable accommodation to work from home due to her disabilities and heightened risk of contracting COVID-19. (*Id.* ¶ 135.) However, "Ms. Quinlan" (the principal), Vivian Walton Smalls (a representative from Human Resources), and NYC DOE discriminated and retaliated against her by permitting a young white employee to work from home but not Plaintiff. (*Id.* ¶¶ 135–38, 145.) She filed a complaint with the Department of Education's Office of Equal Opportunity & Diversity Management against

4

Quinlan for discrimination, harassment, and unfair treatment on February 8, 2021, and informed Quinlan of this "in the presence of my para, Jerin Iqbal." (*Id.* ¶ 139; Proposed SAC Ex. 3, ECF No. 78-2 at 6.) On May 20, 2021, she emailed Quinlan "about her continued unfair treatment towards me." (Proposed SAC, ECF No. 78-1 ¶ 140.)

On June 30, 2021, Plaintiff received email confirmation that her medical summary and her accommodation request had been forwarded to the NYC DOE Office of Disability Accommodation. (*Id.* ¶ 145; Proposed SAC Ex. 11, ECF. No. 78-2 at 22.) However, Quinlan and Smalls refused to comply with the doctor's recommendation to accommodate Plaintiff and told Plaintiff to call in all her absences. (Proposed SAC, ECF No. 78-1 ¶ 146.) Soon after, Quinlan emailed Plaintiff to meet due to her "alleged excess absences" and said that the meeting could lead to disciplinary action. (*Id.* ¶ 148.) On July 21, 2021, Plaintiff received four emails from HR Connect stating that her application was denied, but a few hours later, she received an email that her medical accommodation was approved. (*Id.* ¶ 150.) HR Connect was responsible for her accommodation application before it was forwarded to the doctor, and HR Connect and Quinlan worked together to delay Plaintiff's accommodation application process. (*Id.*) The next day, Plaintiff received a phone call and was given the option to either "agree[] with [Defendants'] wrong-doings and receive my accommodation or be terminated." (*Id.* ¶ 151.) From July 22 to July 26, 2021, Plaintiff worked, but on July 27, 2021, she received an email from Quinlan stating that she was terminated immediately due to her alleged excess absences and would be given a "U" rating. (*Id.* ¶ 153.) In January 2022, Plaintiff "had a step 2 disciplinary hearing," and in September 2022, her termination and U rating were expunged. (*Id.* ¶ 154.) Plaintiff then adds 14 causes of action based on these new allegations. (*Id.* ¶¶ 155–82.)

5

## II. DISCUSSION

After the time expires for amending a pleading as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) requires the Court to "freely give leave when justice so requires." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). A court generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend at least once, and "a *pro se* plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests." *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). Courts in this Circuit "allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

A litigant may be prejudiced under Rule 15 "if the new claim would: '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Mere delay, absent a showing of bad faith or undue prejudice, is insufficient to warrant denial of a motion to amend. *Id.* Additionally, complaints of "the time, effort and money expended in litigating the matter" do not, on their own, constitute prejudice sufficient to deny leave to amend. *Id.* (cleaned up). On the other hand, "[a]n amendment may be prejudicial when it alters the legal theory of a case and will have a 'substantial impact' on existing proceedings." *Singh v. Lintech Elec., Inc.*, No. 18-CV-5780 (FB)(LB), 2022 WL 1422311, at *6 (E.D.N.Y. Mar. 3, 2022) (quotation marks omitted), *adopted by* 2022 WL 2158748 (Jun. 15, 2022).

6

Plaintiff's motion is denied to the extent that she seeks to reassert the race and disability discrimination claims, and the retaliation claims, in Counts I, II, and VI that the Court dismissed in its June 18, 2019, Order. The law of the case doctrine counsels against reconsideration of previously dismissed claims in the same action without new factual allegations pertaining to those claims. *See Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015) (applying law of the case doctrine where plaintiff's amended complaint included claims that had been dismissed from his original complaint), *aff'd*, 626 F. App'x 20 (2d Cir. 2015); *see also Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 480 F. Supp. 3d 430, 439 (E.D.N.Y. 2020) (same). Plaintiff has not purported to raise any new factual allegations pertaining to those claims; her 111 paragraphs of factual allegations preceding the previously dismissed claims are the same in the FAC and proposed SAC. *Weslowski*, 96 F. Supp. 3d at 316. At the motion hearing, Plaintiff conceded that there are no new factual allegations to support her previously dismissed claims. (Tr., ECF. No. 80 at 5:9–19.) Additionally, the Court specifically directed Plaintiff that the proposed SAC should not include any previously dismissed claims. (Nov. 22, 2022 Min. Entry & Order.) Therefore, the Court denies Plaintiff's motion as to Counts I, II, and VI.

The remainder of Plaintiff's motion is denied because of the risk of undue prejudice to Defendants.[4] Defendants assert that Plaintiff's 14 proposed new causes of action "consist of a hodgepodge of claims alleging failure to accommodate under the ADA, as well as claims for race, age, and disability discrimination, hostile work environment, and retaliation under Title

---

[4] Defendants additionally argue that Plaintiff's proposed amendments are unreasonably delayed and futile, but because the Court finds that undue prejudice warrants denying Plaintiff's motion, it declines to reach those arguments.

VII, the ADEA, the ADA, Rehabilitation Act, the NYSHRL, and the NYCHRL." (Defs.' Opp'n, ECF No. 79 at 2.) Defendants argue that granting Plaintiff's motion would require additional discovery (*Id.* at 3.)

The Court agrees that "[a]ny amendment at this stage will prejudice defendants, require additional discovery, and cause more delay." *Singh*, 2022 WL 1422311, at *7. Discovery closed in July 2021, after several extensions and Court conferences to address discovery issues. (*See* Nov. 16, 2020 Min. Entry & Order; Mar. 5, 2021 Order; Mar. 18, 2021 Order; ECF Nos. 50–58; May 27, 2021 Order; Jun. 29, 2021 Min. Entry & Order; Tr., ECF No. 80 at 7:1-8, 13:16-24.) Adding new causes of action now, based on a completely new set of facts, would necessitate substantial additional discovery. For example, Plaintiff names new individuals that she alleges acted unlawfully, including Quinlan and Smalls, and attaches 25 exhibits purporting to support her new claims. (*See* ECF Nos. 78-1, 78-2.) And, at the motion hearing, Plaintiff advised the Court that she intended to offer at least one new witness, Iqbal. (Tr., ECF No. 80 at 7:1–8.). But the Court already extended discovery, over Defendants' objections, to permit Plaintiff to depose two additional witnesses to support her existing claims. (June 29, 2021 Min. Entry & Order.) Meanwhile, to assert their defenses, Defendants would have to depose Plaintiff again, in addition to Iqbal and potentially others. (Tr., ECF No. 80 at 13:16–24.) At this stage of the litigation, reopening discovery for these purposes is not warranted.[5] *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 5-CV-3749 (KMW)(DCF), 2009 WL 3467756, at *6 (S.D.N.Y. Oct. 28, 2009) (affirming denial of motion to amend where action

---

[5] Plaintiff offered to "get the money" necessary to pay for depositions, but that would not change the fact that adding numerous claims and parties arising out of a new set of facts would substantially alter and lengthen this litigation. (*Id.* at 21:19–22:2.)

was over 4.5 years old and "substantial motion practice and discovery" had already been completed as to operative complaint).

Additionally, some of the proposed causes of action actually include multiple claims. For example, liberally construed, proposed cause of action 18 alleges "unlawful age discrimination, harassment, and hostile work environment" against NYC DOE and Quinlan. (Proposed SAC, ECF No. 78-1 at 30.) While the expenditure of additional time, effort, and money does not necessarily constitute undue prejudice, amendment will significantly further delay resolution of this matter. Given the history of this "uniquely protracted" litigation, additional discovery motions and other disputes will likely arise. *Singh*, 2022 WL 1422311, at *7. Additionally, the proposed claims "involve new problems of proof and that, combined with the extreme lateness of the hour in which this motion was filed, constitutes undue prejudice to defendants." *Agoliati v. Block 865 Lot 300 LLC*, No. 19-CV-5477 (WFK)(LB), 2021 WL 3193239, at *4 (E.D.N.Y. Apr. 20, 2021), *adopted by* 2021 WL 3188397 (E.D.N.Y. July 27, 2021); *cf. Fontoine v. Permanent Mission of Chile to United Nations*, No. 17-CV-10086 (AT)(HBP), 2019 WL 2482374, at *4 (S.D.N.Y. Jun. 14, 2019) (finding amendment would not cause undue delay or prejudice where there were still factual disputes as to service of process, defendants had not responded to operative complaint, and discovery had not yet begun).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the First Amended Complaint is **denied**, and she may proceed with the claims remaining from her FAC, as outlined in the Court's previous order (ECF No. 41): "Plaintiff's ADA, NYSHRL, and NYCHRL retaliation claims based on adverse employment actions committed by Defendants after Plaintiff filed her

9

January 2017 CCHR Charge." If Defendants intend to move for summary judgment, they shall do so in accordance with the Honorable Pamela K. Chen's individual rules by **November 1, 2023**. Plaintiff consented to receive this Order electronically. (*See* ECF No. 47.)

**SO ORDERED.**

Brooklyn, New York
September 30, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge